# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.: CCB-20-0353 |
| **FRANK PERRY** | * | |

* * * * *

## MOTION TO SUPPRESS EVIDENCE (SEARCH WARRANT)

Frank Perry, through his undersigned counsel, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any evidence seized in violation of the Fourth Amendment to the United States Constitution and as grounds states the following:

1. Mr. Perry is charged in a one-count indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g).[1] The charges stem from the alleged discovery of a firearm after a search of Mr. Perry's residence on or about October 7, 2020.

2. That search was authorized by a warrant issued on October 6, 2020, by United States Magistrate Judge Thomas M. DiGirolamo. Mr. Perry alleges that the warrant authorizing the search of his residence was unlawfully issued. Mr. Perry also alleges that all physical evidence obtained by law enforcement as a result of the unlawful search must be suppressed.

3. The Fourth Amendment requires that no search warrant shall issue without probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In evaluating the propriety of the warrant issued, this Court must determine whether there is substantial evidence in the record to support the magistrate's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984). While this Court should pay "great deference" to findings of probable cause, it does

---

[1] Mr. Perry was originally charged by complaint in case number 20-mj-2579-TMD.

not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. Gates, 462 U.S. at 236.

4. The affidavit provided in support of the application for the search and seizure warrant failed to establish probable cause to permit the search authorized.

5. The affidavit also failed to establish probable cause that any federal offense occurred within Mr. Perry's residence or that evidence of a federal offense would be found there.

6. Further, the "good faith" exception to the exclusionary rule noted in Leon v. United States, should not apply in this case for one or more of the following reasons, "1) the Search Warrant was issued in reliance on misleading omissions in the application; 2) the [] judge acted as a 'rubber stamp' in approving the search warrant; 3) the application was legally insufficient for a determination of probable cause; [and/or] 4) the application was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" 468 U.S. 897, 923 (1984) (internal citations omitted).

7. Any additional searches and seizures in this case, warrantless or otherwise, were also illegal and in violation of the Fourth Amendment.

8. Because the investigation of this case is incomplete, and discovery has not yet been provided, Mr. Perry reserves the right to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under Franks v. Delaware, 438 U.S. 154 (1978), and also reserves the right to supplement this motion in the future.

**WHEREFORE**, Mr. Perry requests that this Court grant an Order of Suppression on the grounds alleged herein, in any supplemental memoranda, and any other grounds that may become apparent upon a hearing on the motion.

Respectfully Submitted,

James Wyda
Federal Public Defender

/s/
DESIREE LASSITER, # 805578
BRENDAN A. HURSON, #28179
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962; Fax: (410) 962-0872
Emails: Brendan_Hurson@fd.org;
Desiree_Lassiter@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's motion.

/s/
BRENDAN A. HURSON
Assistant Federal Public Defender