IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: 20-cr-353-CCB |
| FRANK PERRY | * | |

\* \* \* \* \*

## CONSENT MOTION TO MODIFY TERMS OF SUPERVISED RELEASE

Defendant Frank Perry, by and through his undersigned counsel, and with the consent of counsel for the United States, hereby moves this Honorable Court to modify the terms of supervised release to allow Mr. Perry to leave his home from 4:00 a.m. until 8:00 p.m. for the duration of his six (6) month term of house arrest. In further support, Mr. Perry states as follows:

1.    Mr. Perry was sentenced on July 15, 2021 to time served followed by three (3) years of supervised released. Judgment, 2-3 (ECF 51). The first six (6) months of supervision included a curfew. *Id.* at 4. Mr. Perry is permitted to leave his home for employment but must receive approval in advance from his United States Probation Officer in order to do so.

2.    Mr. Perry has been fully compliant with all the terms of his supervision. He is working as a self-employed truck driver and is poised to pick up daily work assignments. These assignments are provided early in the morning for jobs that must be performed that same day. Assignments typically last up to fifteen (15) hours. As such, Mr. Perry's probation officer cannot approve work requests under the current terms of Mr. Perry's home confinement.

3.    To remedy this problem, Mr. Perry's probation officer suggests a modification to Mr. Perry's conditions of supervision amending his house arrest to include a daily curfew from 8:00 p.m. until 4:00 a.m.

4.    Specifically, Mr. Perry's conditions will be modified as follows:

    Defendant Frank Perry's conditions of supervised release are modified to impose a curfew for the remaining duration of his six (6) months of home confinement. Specifically, Mr. Perry is permitted to leave his home from 4:00 a.m. until 8:00 p.m. for employment obligations (or other approved excursions including education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or obligations related to the care of his father). Mr. Perry is not required to secure pre-approval from his probation officer to leave his home during these hours for work-related or other permitted travel. However, Mr. Perry must receive approval from his probation officer for any departure from his home occurring outside of this time period as well as for any non-approved travel not noted above. Mr. Perry is permitted to travel to and from destinations in Maryland, West Virginia, Delaware, Pennsylvania, New Jersey, Virginia, and the District of Columbia for employment-related reasons without pre-approval from his probation officer.

4.     If approved, all additional conditions of Mr. Perry's supervision will remain in effect. The Government and Mr. Perry's probation officer (United States Probation Officer Vicky Adams) do not oppose this request.

    **WHEREFORE**, Mr. Perry moves without opposition for a modification of his supervised release conditions to impose a curfew requiring him to remain in his home from 8:00 p.m. until 4:00 a.m. unless otherwise approved by his probation officer.

    Respectfully Submitted,

    James Wyda
    Federal Public Defender

    _____/s/_____
    DESIREE LASSITER, # 805578
    BRENDAN A. HURSON, #28179
    Assistant Federal Public Defenders
    100 South Charles Street
    Tower II, 9th Floor
    Baltimore, Maryland 21201
    Phone: (410) 962-3962; Fax: (410) 962-3976
    Email: Brendan_Hurson@fd.org;
    Desiree_lassiter@fd.org